**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                   *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY DRAYTON,** | : | **Civil Action No.** |
| 275 S Bryn Mawr Avenue, Apt. B9 | : | |
| Bryn Mawr, PA 19010 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **ZYNEX MEDICAL,** | : | |
| 9655 Maroon Circle | : | |
| Englewood, CO 80112 | : | |
| Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Anthony Drayton (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Zynex Medical (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act ("Title VII"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Zynex Medical is a medical device manufacturer with a location and corporate headquarters at 9655 Maroon Circle, Englewood, CO 80112.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII and will exhaust administrative remedies under the PHRA on February 6, 2025.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race discrimination against Defendant.

14. The Charge was assigned Charge Number 530-2024-03221 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated March 15, 2024. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the Title VII allegations of this Complaint and his administrative remedies as to the PHRA allegations are exhausted as of February 6, 2025.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is an African American male.

21. In or around November 2021, Defendant hired Plaintiff in the position of Territory Sales Manager for the Pennsylvania area.

22. Plaintiff was well qualified for his position and performed well.

23. By way of background, Defendant's upper management is predominately Caucasian.

24. In or around August 2023 through October 2023, orders in Plaintiff's region began to drop due to providers seeking out other clients.

25. Plaintiff informed Defendant's leadership of this as soon as he noticed the trend.

26. In or around September 2023, Plaintiff met with Mitchell McDowell (Caucasian), Director, via phone call regarding this sales drop.

27. Plaintiff created a plan to address the regional issues.

28. Plaintiff shared his plan to focus on "elite payers" in the territory to propel orders.

29. McDowell expressed his support for the plan.

30. McDowell stated that he would not let Thomas Sandgaard (Caucasian), CEO, terminate Plaintiff if he carried out this plan.

31. In order to keep Plaintiff on track for improvement, McDowell placed Plaintiff on a Performance Improvement Plan ("PIP") at the start of October 2023.

32. Plaintiff adhered to his PIP.

33. In October 2023, Plaintiff generated the most revenue he ever had in one month at Defendant due to his focus on elite payers.

34. Upon information and belief, Plaintiff was on track to exceed the revenue goal for the month.

35. Plaintiff had received fourteen (14) out of his sixteen (16) orders for the month's order quota set by Eric Fagin (Caucasian), Area Sales Manager.

36. Plaintiff was on target to hit the sixteen (16) orders for the month of October.

37. Despite this, on or about October 26, 2023, McDowell called Plaintiff.

38. McDowell stated that Sandgaard ordered him to terminate Plaintiff immediately.

39. The alleged reason for termination was "performance issues."

40. Plaintiff did not receive any disciplines or write ups prior to his termination.

41. Importantly, Sandgaard allowed Kyle Boyer (Caucasian), Territory Manager, to miss his order quotas for over one (1) year and was given ample time to try to improve his performance.

42. Similarly, Casey Maloney (Caucasian), Territory Manager, fell significantly below his order quotas.

43. However, Maloney was not terminated for his performance.

44. Defendant treated Plaintiff differently than these Caucasian peers outside of his protected class.

45. It is Plaintiff's position that he was discriminated against due to his race in violation of Title VII and the PHRA.

46. Upon information and belief, Defendant's disparate treatment of Plaintiff was willful or done with reckless disregard to his Federal statutory rights.

### COUNT I – RACE DISCRIMINATION
### <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

47. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

48. Plaintiff is a member of protected classes in that he is African American.

49. Plaintiff was qualified to perform the job for which he was hired and performed as well as, if not better, than his Caucasian peers.

50. Plaintiff suffered adverse job actions, including, but not limited to termination.

51. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

52. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

53. Defendant discriminated against Plaintiff on the basis of race.

54. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

55. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

56. Defendant's disparate treatment of Plaintiff was willful or done with reckless disregard to Plaintiff's federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

58. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his race (African American).

59. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Anthony Drayton, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII and the PHRA.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                                                                 **RESPECTFULLY SUBMITTED,**

                                                                                 **KOLLER LAW, LLC**

Date: June 13, 2024            **By:**

                                                            David M. Koller, Esquire
                                                            Jordan D. Santo, Esquire
                                                            2043 Locust Street, Suite 1B
                                                           Philadelphia, PA 19103
                                                            215-545-8917
                                                            davidk@kollerlawfirm.com
                                                           jordans@kollerlawfirm.com

                                                           *Counsel for Plaintiff*